IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS G. SCHINDLER, #09664-031, ) | | |
| Petitioner, ) | | |
| ) | | |
| v. ) | 3:08-CV-1464-G | |
| ) | | |
| DAVID BERKEBILE, ) | | |
| Respondent. ) | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for a writ of habeas corpus brought by a federal prisoner pursuant to 28 U.S.C. § 2241.

Parties: At the time of filing this habeas action, Petitioner was confined within the Bureau of Prisons (BOP) at FCI Seagoville in Seagoville, Texas. He is presently residing at a community correction center (also known as Residential Reentry Center (RRC) or halfway house) under the supervision of the Denver CCM. (*See* Attachment I, for BOP Inmate Locator print-out). However, he has yet to advise the court of his new mailing address.

Respondent is the warden of FCI Seagoville. The court issued process in this case.

Statement of Facts: At the time of filing this action, Petitioner was serving a 70-month prison sentence for trafficking in material involving the sexual exploitation of a minor. His projected release date, assuming he receives all available good conduct time credit, is March 7,

2009.

On August 19, 2008, Petitioner filed this habeas petition challenging the BOP determination that, as a sex offenders, he would be placed in a halfway house only during the last 30-60 days of his federal sentence, instead of during the entire last six months of his sentence. (Federal Petition (Pet.) at 2-16). On August 27, 2008, the Unit Team at FCI Seagoville re-evaluated Petitioner and recommended that he be placed in a halfway house during the last 90-120 days of his sentence. (Amended Petition (Amd. Pet. at 9-11).

Thereafter, on September 5, 2008, petitioner filed an amended habeas corpus petition, alleging as follows: (1 & 5) the BOP's policy of limiting sex offenders' halfway house time from 30-60 days is arbitrary and illegal and violates the Ex Post Facto Clause; (2) the BOP does not give high risk offenders priority in their re-entry needs in violation of the Second Chance Act; (3) the BOP does not evaluate sex offenders on an individual basis as the Second Chance Act requires; and (4) the BOP's policy does not provide sex offenders a sufficient duration of halfway house sufficient to provide the greatest likelihood of successful reintegration into the community.

In response to the show cause order, Respondent filed a response seeking denial of the petition for failure to exhaust administrative remedies and, alternatively, on mootness grounds, arguing that Petitioner had obtained the relief he had sought. In his reply, Petitioner requested that exhaustion be waived as a result of futility and the short amount of time remaining on his sentence, and that his petition be reviewed on the merits because the BOP had not given him a duration of halfway house sufficient to ensure successful reintegration.

<u>Findings and Conclusions</u>: "Article III of the Constitution limits federal 'Judicial Power,'

2

that is, federal-court jurisdiction, to 'Cases' and 'Controversies.' " *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)). "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot." *American Med. Ass'n v. Bowen,* 857 F.2d 267, 270 (5th Cir. 1988).

The gravamen of the amended habeas petition was that the BOP had recommended that Petitioner be placed in a halfway house only during the last 90-120 days of his sentence, instead of during an amount of time sufficient to ensure successful reintegration in the community.

As reflected in the BOP Inmate Locator print-out, Petitioner has been transferred to a community correction center, rendering moot any further relief sought in the amended petition. *Cf. Bailey v. Southerland*, 821 F.2d 277, 278-79 (5th Cir. 1987) (appeal was moot following prisoner's release from custody). Dismissal of the petition as moot is therefore appropriate. *See McRae v. Hogan*, 576 F.2d 615, 616-17 (5th Cir. 1978).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be DISMISSED for want of jurisdiction, the same being moot.

A copy of this recommendation will be transmitted to Petitioner, at his last known

address, and to counsel for Respondent.

Signed this 9th day of December, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

ATTACHMENT   I